# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Clerk of Court**

Douglas E. Cressler
**Chief Deputy Clerk**

December 27, 2005

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 28 2005

GREGORY C. LANGHAM
CLERK

Mr. John Henry James
Limon Correctional Facility
#49264
49030 State Hwy 71
Limon, CO 80826

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

Re:   05-1457, James v. Reid
      Dist/Ag docket:   05-CV-1462 OES

Dear Counsel and Petitioner:

Enclosed is a copy of an order entered today in this case.

Please contact this office if you have questions.

Sincerely,

Clerk, Court of Appeals

By:
    Deputy Clerk

clk:klp

cc:   Gregory C. Langham, Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| JOHN HENRY JAMES,<br><br>Petitioner - Appellant,<br><br>v.<br><br>LARRY REID, (Warden) Centennial Correctional Facility; JULIE G. MARSHALL, District Court Judge; EDWARD RODGERS, District Attorney; AL ESTEP, (Warden); JOSEPH G. ORTIZ, (Exe.Dir); COLORDO ATTORNEY GENERAL, (Actually named as: The Attorney),<br><br>Respondents - Appellees. | No. 05-1457<br><br>True copy<br>Teste<br><br>Clerk, U.S. Court of<br>Appeals, Tenth Circuit |

ORDER

Filed December 27, 2005

Before **HARTZ**, **O'BRIEN** and **McCONNELL**, Circuit Judges.

This matter was transferred by the district court to determine whether John Henry James should be granted authorization to file another 28 U.S.C. § 2254 petition. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

Mr. James argues that his conviction for first degree murder should be vacated because he was denied a speedy trial and because his rights under the Uniform

Mandatory Disposition Detainers Act were violated.

To obtain authorization Mr. James must make a prima facie showing that the grounds set forth are based on either a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court that was previously unavailable, or newly discovered evidence, the factual basis for which could not have been discovered previously through the exercise of due diligence, and which would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2).

Mr. James does not meet these requirements. He admits that his claims are not based on new evidence or a new rule of constitutional law. He further concedes that his claims were raised in a previously filed habeas petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Accordingly, authorization is **DENIED**, and this matter is **DISMISSED**. This order is not subject to a petition for rehearing or a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

>                  Entered for the Court
>                  CLERK, COURT OF APPEALS
>
>                  by: *[signature]*
>                  Ellen Rich Reiter
>                  Deputy Clerk/Jurisdictional Attorney

2